SCHILLER, KNAPP, LEFKOWITZ & HERTZEL LLP
950 New Loudon Road, Suite 109
Latham, New York  12110-2100
(518) 786-9069
Martin A. Mooney, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In Re:                                              Case No. 11-10228
                                                    (Chapter 13)
      DAVID L. HASSELL AND
      ANNMARIE HASSELL,                     RELATED TO DOC. NO. 24-1

           Debtors.

_____


### RESPONSE TO DEBTORS' MOTION TO DISALLOW CLAIM

InSolve Recovery, LLC, as successor to GE Money Bank, an secured creditor in the above-captioned bankruptcy case, by its counsel, SCHILLER, KNAPP, LEFKOWITZ & HERTZEL LLP, as and for a Response to Debtors' Motion to Disallow Claim, states the following in support thereof:

      1.      On January 31, 2011, the debtors, above-named, filed a voluntary petition in Bankruptcy under Title 11, Chapter 13, U.S.C., in the United States Bankruptcy Court, for the Northern District of New York.

      2.      The Court has jurisdiction to entertain this motion under 28 U.S.C. Section 157.

      3.      InSolve Recovery, LLC, as successor to GE Money Bank (hereinafter, "ISR") is a secured creditor herein arising from finance of purchase of a certain all terrain vehicle by debtor, David L. Hassell.

      4.      Debtors have objected to Claim No. 24-1 filed by ISR asserting that ISR is not perfected in the collateral.   Alternatively, debtors argue that ISR has already been paid the value of the collateral based upon a current valuation of the collateral attached to their moving papers.

5.      Claim No. 24-1 constitutes prima facia evidence of the claim of ISR.  The claim is supported by a summary of the account as well as the sales slips containing the grant of a security interest in the described collateral. As a purchase money security interest in consumer goods, the security interest is perfected when it attaches.   Debtors' conclusory allegation that the security interest is unperfected is insufficient basis for disallowance of the claim.

6.      Claim No. 24-1 has been deemed allowed since its filing date by the provisions of Section 502.   The Chapter 13 Trustee has paid the allowed secured claim. Based on the payments made by the Chapter 13 Trustee, the debtors have enjoyed the use and possession of the collateral and ISR or its predecessor in interest has received adequate protection of its interest.   Based upon payment of the allowed claim, there has not been reason or basis for ISR to seek recovery of its collateral or to inspect the collateral as to value.

7.      Debtors have failed to assert any cognizable basis for disallowance of the claim and should be barred by the doctrine of laches from objecting to the claim at this late date.  The equities of the case support allowance of the claim.

8.      In the event this Court considers payment of the value of the collateral to the creditor as an equitable result, ISR asserts it is entitled to the retail value of the collateral set forth in the debtors' exhibit to their motion to disallow claim together with an appropriate rate of interest dating to the filing date of the case.

WHEREFORE, InSolve Recovery, LLC, as successor to GE Money Bank respectfully requests that the Court deny Debtor's Motion to Disallow Claim as hereinabove requested, and for such other and further relief as to the Court may seem just and proper.

DATED:      November 3, 2016                    InSolve Recovery, LLC, as successor to GE Money
                                                Bank
                                                By Its Counsel

/s/ Martin A. Mooney_____
Martin A. Mooney, Esq.
SCHILLER, KNAPP, LEFKOWITZ & HERTZEL
LLP
950 New Loudon Road, Suite 109
Latham, New York  12110-2100
Tel (518) 786-9069